# In the United States Court of Federal Claims

No. 22-269C
Filed: June 21, 2022
NOT FOR PUBLICATION

**YVON ETIENNE, et al.,** *pro se*,

      *Plaintiffs*,

v.

**UNITED STATES**,

      *Defendant*.

## MEMORANDUM OPINION AND ORDER

***HERTLING*, Judge**

    The plaintiff, Yvon Etienne, acting *pro se*, filed this action alleging that the defendant, the United States, acting through the U.S. Patent and Trademark Office ("USPTO"), infringed on his property rights under both 28 U.S.C. § 1498 and the fifth amendment of the U.S. Constitution by publishing his patent application without sufficient notice to him.[1]  The plaintiff further claims that the publication of his patent application was negligent, caused him emotional distress, and was motivated by racial animus.  Finally, the plaintiff's complaint purports to present two inquiries: the first regarding why poorer countries have lower COVID-19 death rates than the United States; and the second regarding whether the United States government should compensate him for any remaining portions of a "property right" when it has taken some but not all of that "property right."

    The defendant moved to dismiss the plaintiff's claims for lack of subject-matter jurisdiction under Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC") and for failure to state a claim upon which relief can be granted under RCFC 12(b)(6).  The plaintiff filed a response to the defendant's motion.

---

[1] The complaint also includes claims on behalf of a second plaintiff, E&Y Educational Services Inc. ("E&Y").  In his response to the defendant's motion to dismiss, the plaintiff conceded that E&Y "has nothing to do with the plaintiff's complaint."  (Pl.'s Resp. at 5.)  The plaintiff requested that the Court dismiss any claim related to E&Y.  (*Id.*)  Because the Court grants that request and dismisses the claims on behalf of E&Y, this memorandum opinion grammatically uses the singular "plaintiff."

The plaintiff's claim arising under the takings clause of the fifth amendment fails to identify a cognizable property interest that the defendant has taken. Accordingly, dismissal is appropriate under RCFC 12(b)(6). The plaintiff's other claims fall outside of the Court's limited subject-matter jurisdiction as established by the Tucker Act, and dismissal of these claims is appropriate under RCFC 12(b)(1). The defendant's motion to dismiss is granted.

## I.     BACKGROUND

### A.     Facts[2]

The plaintiff alleges that he invented an alternative medicinal cure to COVID-19; he calls his remedy ye-COVIDICIN. (Compl. at A-6.) The plaintiff applied to the USPTO for a patent for ye-COVIDICIN on April 24, 2020, describing his invention as a "botanical and traditional medicine" for treatment against COVID-19. U.S. Patent Application No. 16/857,479, Publication No. 2021-0401773 (published Dec. 30, 2021). (*See also* Compl. Ex. at 7.[3])

By law, patent applications are published 18 months after the application is filed. 35 U.S.C. § 122(b)(1)(A). Although the plaintiff alleges that the USPTO failed to notify him prior to the statutorily required publication of his application, the plaintiff acknowledges that he did not file an Emergency Petition to prevent publication. (Compl. at A-6.) The USPTO provided the plaintiff with a "Notice of Publication of Application." (Compl. Ex. at 9.) The notice provided December 30, 2021, as the publication date. (*Id.*) The application was published on that date.

The plaintiff's patent has not been issued.[4]

### B.     Procedural History

On March 8, 2022, the plaintiff filed his complaint. The plaintiff rests his claims on the fact that the USPTO failed to provide him notice that his patent application was being published. (Compl. at A-6 (basing claim on the government's failure to inform him before publishing his discovery).) The plaintiff alleges that the lack of notice rises to the level of tortious patent infringement under 28 U.S.C. § 1498, contributory negligence under 28 U.S.C. § 1346(b), and a taking under the fifth amendment. He also alleges that the publication of his patent application

---

[2] In considering the defendant's motion to dismiss, the facts as alleged in the plaintiff's complaint are assumed to be true. This summary of the facts does not constitute findings of fact but is simply a recitation of the plaintiff's allegations.

[3] Citations to the plaintiff's exhibits refer to the digital pagination as generated by the electronic filing system.

[4] The plaintiff was mailed a non-final rejection of his patent application on April 14, 2022. U.S. Patent Application No. 16/857,479.

caused him emotional distress and was motivated by racial animus. He seeks compensation for financial loss and requests a federal grant to provide tutoring for low-income children.

The plaintiff also asks the Court why poorer countries have lower COVID-19 death rates than the United States and whether the United States government ought to compensate for untaken portions of a "property right" when they have taken some portions already. (Compl. Ex. at 3-4.)

The defendant has filed a motion to dismiss under RCFC 12(b)(1) and 12(b)(6), and the plaintiff has responded. The Court has determined that oral argument is not necessary to resolve the motion.

## II.   STANDARDS OF REVIEW

### A.   Subject-Matter Jurisdiction

The plaintiff has the burden of establishing jurisdiction by a preponderance of the evidence. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). If the Court finds that it lacks subject-matter jurisdiction over the plaintiff's claim, RCFC 12(h)(3) requires the Court to dismiss the claim.

To determine subject-matter jurisdiction under RCFC 12(b)(1), a "court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc.*, 659 F.3d at 1163. When a plaintiff's jurisdictional facts are challenged, only those factual allegations that the government does not controvert are accepted as true. *Shoshone Indian Tribe of Wind River Rsrv. v. United States*, 672 F.3d 1021, 1030 (Fed. Cir. 2012). A court is not "'restricted to the face of the pleadings'" in resolving disputed jurisdictional facts. *Id.* (quoting *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1584 (Fed. Cir. 1993), *cert. denied*, 512 U.S. 1235 (1994)). Instead, in resolving whether they have subject-matter jurisdiction, courts may review evidence outside the pleadings. *Id.*

### B.   Failure to State a Claim

Under RCFC 12(b)(6), dismissal "is appropriate when the facts asserted by the claimant do not entitle him to a legal remedy." *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002). A court must both accept as true a complaint's well-pleaded factual allegations, *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), and draw all reasonable inferences in favor of the non-moving party, *Sommers Oil Co. v. United States*, 241 F.3d 1375, 1378 (Fed. Cir. 2001). To avoid dismissal under RCFC 12(b)(6), a complaint must allege facts "plausibly suggesting (not merely consistent with)" a showing that the plaintiff is entitled to the relief sought. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).

### C.     *Pro Se* Litigation

The plaintiff is proceeding *pro se*. As a result, his pleadings are entitled to a more liberal construction than the Court would give to pleadings prepared by a lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Giving a *pro se* litigant's pleadings a liberal interpretation and construction does not divest a *pro se* plaintiff of demonstrating that the allegations of the complaint satisfy the jurisdictional requirements that limit the types of claims the Court of Federal Claims may entertain. *See Spengler v. United States*, 688 F. App'x 917, 920 (Fed. Cir. 2017); *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

In construing a *pro se* litigant's pleadings liberally, a court does not become an advocate for that litigant. Rather, the court ensures that the *pro se* litigant's pleadings are construed in a manner that gives the litigant every opportunity to make out a claim for relief.

## III.    DISCUSSION

The defendant has asserted two grounds for dismissal: (1) lack of subject-matter jurisdiction; and (2) failure to state a claim upon which relief has been granted. The plaintiff has also requested voluntary dismissal of aspects of his complaint. The Court will address each ground for dismissal in turn.

### A.     **Subject-Matter Jurisdiction**

The jurisdiction of the Court of Federal Claims "depends wholly upon the extent to which the United States has waived its sovereign immunity to suit . . . ." *United States v. King*, 395 U.S. 1, 4 (1969). The waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." *Id.*

The Tucker Act provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).

The Supreme Court has held that the "Tucker Act, of course, is itself only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976). Rather, the substantive right must come from a separate, money-mandating source of substantive law. *See Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005).

Several of the plaintiff's claims are beyond this court's jurisdiction under the Tucker Act.

### 1. Tort Claims

All the plaintiff's claims arise out of the fact that the government allegedly did not provide him notice before publishing his patent application. The plaintiff raises three separate tort claims: (1) tortious patent infringement under 28 U.S.C. § 1498; (2) contributory negligence under the Federal Tort Claims Act; and (3) emotional distress caused by the government's failure to provide notice of publication of his patent application. (Compl. at A-5; Pl.'s Resp. at 1.)

The Court's patent jurisdiction is limited to claims for infringement of patents that have been issued. *See* 28 U.S.C. § 1498(a) ("[w]henever an invention . . . *covered by a patent* . . . is used or manufactured by or for the United States . . . the owner's remedy shall be by action against the United States" (emphasis added)). The plaintiff does not have an issued patent, so § 1498 does not provide jurisdiction over the plaintiff's claim alleging patent infringement. *See* U.S. Patent Application No. 16/857,479, Publication No. 2021-0401773 (published Dec. 30, 2021).

The Court also cannot consider the plaintiff's claims of contributory negligence and emotional distress because the jurisdiction of the Court of Federal Claims explicitly excludes claims arising from an alleged tort. The Tucker Act limits the jurisdiction of the Court of Federal Claims to "cases *not* sounding in tort." 28 U.S.C. § 1491(a)(1) (emphasis added). The Federal Circuit has also held that the Court of Federal Claims cannot hear claims arising under the Federal Tort Claims Act. *Shearin v. United States*, 992 F.2d 1195, 1197 (Fed. Cir. 1993).

Because the Court lacks subject-matter jurisdiction over the plaintiff's patent and tort claims, the defendant's motion to dismiss these claims under RCFC 12(b)(1) must be granted.

### 2. Questions Posed to the Court

The plaintiff's complaint purports to present two questions for resolution: (1) why poorer countries have a lower COVID-19 death rate than the United States; and (2) if the government takes part of someone's property, whether the government is required to compensate the individual for the untaken part. These questions fall outside of the limited jurisdiction of this Court.

A plaintiff's claims must be founded on a source of law. The Tucker Act limits the jurisdiction of this court to "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department." 28 U.S.C. § 1491(a)(1). The Court of Federal Claims has jurisdiction only to hear and redress claims arising under a money-mandating source of substantive law. *Fisher* 402 F.3d at 1172. The plaintiff's questions do not raise a claim under the Constitution, an Act of Congress, or a

regulation from an executive department, and they do not arise under a money-mandating source of substantive law. Thus, this Court lacks jurisdiction over them.[5]

### B. Failure to State a Claim

The plaintiff's final claim alleges that the USPTO's publishing of his patent application without his consent rises to the level of a taking under the "Fifth Amendment Clause" and requires "just compensation." (Compl. at A-5.)

The Court of Federal Claims has jurisdiction over claims arising under the fifth amendment's takings clause. *See Jan's Helicopter Serv., Inc. v. F.A.A.*, 525 F.3d 1299, 1309 (Fed. Cir. 2008). The takings clause provides: "nor shall private property be taken for public use, without just compensation." Takings claims are evaluated using a two-step process. First, a court determines whether the plaintiff possesses a valid property interest, or in other words, a "stick in the bundle of property rights." *Karuk Tribe of Cal. v. Ammon*, 209 F.3d 1366, 1374 (Fed. Cir. 2000). If a valid property interest exists, a court then moves to the second step of evaluating whether the government action constituted a taking of that interest or "stick." *Id.*

The plaintiff's takings claim fails at the first step. The plaintiff has not specified a constitutionally cognizable property interest that the defendant has taken. When evaluating a claim for a taking, the reviewing court must first define the property interest at stake. The property interest must be defined with specificity and not at a generic level. *See, e.g.*, *American Pelagic Fishing v. United States*, 379 F.3d 1363, 1376 (Fed. Cir. 2004) (defining the property right at issue narrowly as the use of a specific commercial fishing vessel to fish for Atlantic mackerel and herring in the Exclusive Economic Zone); *Acceptance Ins. Cos. v. United States*, 583 F.3d 849, 857 (Fed. Cir. 2009) (defining the right at stake as the right to sell a particular insurance portfolio to a particular buyer); *Cedar Point Nursery v. Hassid*, 141 S. Ct. 2063, 2072 (2021) (focusing on a property owner's right to exclude others from real property rather than real-property rights more generally).

Although the defendant argues that the plaintiff's patent application does not constitute property, the plaintiff does not allege that his application has been taken. Rather, the plaintiff alleges a right to exclude his patent application from publication. The Court therefore must analyze whether the plaintiff's right to keep ye-COVIDICIN unpublished is a constitutionally cognizable property interest. In doing so, the Court must look to background principles of law. *American Pelagic Fishing* 379 F.3d at 1376 ("We determine whether an asserted right is one of

---

[5] The defendant also argues that plaintiff lacks standing for these claims. There exists no injury in fact, causation, or redressability with respect to the questions raised by the plaintiff. *Steel Co. v. Citizens for a Better Env.*, 523 U.S. 83, 102 (1998). The defendant emphasizes that courts should not be "called upon to decide abstract questions of wide public significance." *Warth v. Seldin*, 422 U.S. 490, 500 (1975). Regardless of the other jurisdictional defects, the Court agrees that the plaintiff has not established standing to present to the Court of Federal Claims the questions he seeks to have answered.

the rights in the bundle of sticks of property rights . . . by looking to 'existing rules or understandings' and 'background principles' derived from an independent source such as state, federal, or common law.").

When restrictions on property exist prior to the plaintiff's ownership of the property, those restrictions are inherent in the plaintiff's property.  For example, in *Acceptance Insurance*, an insurance company relinquished its right to transfer freely certain insurance policies by participating in a federal program; the company had no property interest in selling an insurance policy portfolio when restrictions that could block that sale existed prior to the company's ownership of the portfolio.  583 F.3d at 857-58.  Similarly, in *McCutchen v. United States*, a preexisting law limiting title to "machineguns" inhered in bump-stock owners' right to possess or transfer bump-stocks, devices interpreted to be "machineguns."  14 F.4th 1355, 1365-66 (Fed. Cir. 2021).

In this case, aside from exceptions not relevant here, patent applications are published by law 18 months after they are filed.  35 U.S.C. § 122(b)(1)(A).  This law requiring publication of patent applications after a specific period has elapsed inhered in the plaintiff's application and restricted the plaintiff's right to have his patent application remain unpublished.  Indeed, applying for and gaining the exclusive rights to a patent is a necessary part of the *quid pro quo* of disclosing the invention in exchange for a monopoly on that invention.  *Universal Oil Products Co. v. Globe Oil & Refining Co.*, 322 U.S. 471, 484 (1944).  The statutory stipulation that the plaintiff's application would be published therefore inhered in any property interest in his invention.  Thus, the plaintiff lacks a property interest in the right for his application to remain unpublished.  Because the plaintiff has not pleaded a cognizable property interest, he has not raised a valid claim for a taking under the fifth amendment.

### C.    Voluntary Dismissal of E&Y's Claims and Discrimination Claims

In its motion to dismiss, the defendant raised defects regarding E&Y Educational Services as an additional plaintiff and the plaintiff's allegations of racial animus.  In response, the plaintiff requested that the Court "dismiss any claim related to E&Y Educational Services Inc. and any potential discrimination claim in the Plaintiff's Complaint."  (Pl.'s Resp. at 1.)  Construing the plaintiff's request as a motion for voluntary dismissal of those aspects of his complaint, the Court grants the plaintiff's motion.[6]

## IV.    CONCLUSION

The Court lacks subject-matter jurisdiction over each of the plaintiff's claims except the takings-clause claim.  The plaintiff's takings-clause claim fails to state a claim upon which relief can be granted because his claim does not raise a cognizable property interest under the fifth

---

[6] Even if the plaintiff had not requested dismissal of the claims on behalf of E&Y, the Court would have had to dismiss them.  The plaintiff is not a lawyer and is appearing *pro se*.  Under RCFC 83.1(a)(3), he is unable to represent a corporation or other entity.

amendment.  The defendant's motion to dismiss is **GRANTED**.  The plaintiff's claims sounding in tort and the questions he poses in the complaint are **DISMISSED** without prejudice.  The plaintiff's takings claim is **DISMISSED** with prejudice.

      The Clerk of Court is **DIRECTED** to enter judgement accordingly.  No costs are awarded.

      It is so **ORDERED**.

s/ Richard A. Hertling<br>
**Richard A. Hertling**<br>
**Judge**